**James WHEELER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 385S111.**

Supreme Court of Indiana.

Sept. 25, 1985.

Daniel L. Bella, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Jody Cusson-Cobb, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

The appellant was convicted of Voluntary Manslaughter, a Class B felony, and was sentenced to eighteen (18) years imprisonment.

The facts are: On February 15, 1984, in the vicinity of 2201 East 22nd Street, Gary, Indiana, the appellant, James Wheeler, was overheard arguing with his son, the victim, over money. The argument continued throughout the day and became more heated.

The victim was holding a baseball bat in a threatening manner. The appellant went into his trailer, loaded his shotgun with two shells, came out of his trailer and placed the shotgun on top of a vehicle. As his son approached, the appellant picked up the gun and fired the fatal shot.

There is a discrepancy in the testimony between the appellant and witnesses as to whether or not the appellant fired one or two shots. Presumably, if two shots were fired, the first was fired in the air and the second one struck the son. There is also a discrepancy as to whether the son struck the shotgun with the baseball bat at the time the fatal shot was fired. This is the claim of the appellant. However, the other witnesses did not see the son strike the shotgun with the baseball bat.

Appellant's sole assignment of error is the insufficiency of the evidence based mainly upon the discrepancies in the testimony of the witnesses. Notwithstanding the discrepancies, the facts remain clear that appellant and his son engaged in a heated and prolonged argument over money with the son threatening appellant with a baseball bat and appellant going into his trailer, obtaining a gun and shooting his son. It is to be remembered appellant was convicted of Voluntary Manslaughter, Ind.

Code § 35–42–1–3, which provides that a person who knowingly kills another human being while acting under sudden heat commits voluntary manslaughter.

Even though it is obvious there was an altercation in progress between the parties, it is equally clear there is ample evidence from which the jury could find self-defense was not an element and that the appellant deliberately killed his son in the sudden heat of the confrontation. This Court will not weigh the evidence nor judge the credibility of the witnesses. This is the prerogative of the jury. *Bergfeld v. State* (1984), Ind., 472 N.E.2d 191.

We find there is sufficient evidence in this record to support the verdict of the jury.

The trial court is in all things affirmed.